UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

_____

JAMIE COE,                                    File No. 1:20-CV-_____

  Plaintiff,                                  Hon.

v.

                                              **IMMEDIATE CONSIDERATION**
                                              **AND ORAL ARGUMENT**
TRINITY HEALTH-MICHIGAN                        **REQUESTED**
d/b/a
MERCY HEALTH ST. MARY'S,
MERCY HEALTH, and ST. MARY'S
HOSPITAL,

  Defendant.

---

## BRIEF IN SUPPORT OF PLAINTIFF JAMIE COE'S MOTION
## TO PROCEED UNDER FICTITIOUS NAME

---

    Plaintiff Jamie Coe seeks permission to bring this action using an assumed

name for the purpose of protecting his identity from public disclosure. He is

challenging his June 12, 2020 termination from his medical residency program with

Defendant. His termination was supposedly based on a finding that he violated

Defendant's Harassment/Offensive Behavior Policy and allegedly engaged in a

"pattern of behavior" that violated their Standards of Conduct. Although the details

of the allegations against him are essentially unknown, Defendant has indicated he

is accused of some sort of sexual harassment and possibly unwanted sexual contact

with a female coworker. Plaintiff disputes these allegations, and he has sought the due process afforded him in his employment contract in order to properly defend himself (which is the basis for the Complaint and Temporary Restraining Order he is also filing in connection with this matter). But more importantly, for the purposes of this Brief, the mere existence of this allegation puts his safety at risk, particularly in his home country of Syria, where even an allegation of this sort is taken very seriously and would put him at risk of physical harm. Therefore, forcing Plaintiff to disclose his identity publicly could subject him and his family to significant harm.

Plaintiff will provide his true name to Defendant once the Court enters a protective order barring further dissemination of his name and requiring that any documents containing his true name be filed under seal.

## ARGUMENT

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, plaintiffs can be excused from identifying themselves if a court concludes that a plaintiff's privacy interests "substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Sixth Circuit has identified several factors that the court may consider in determining whether plaintiffs may proceed anonymously, including "whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636-37

(6th Cir. 2005) (quoting *Doe*, 370 F.3d at 558).

A plaintiff may also request to proceed anonymously for "fear of retaliation and harassment." *John Does 1-4 v. Snyder*, No. 12-11194, 2012 WL 1344412, at *2 (E.D. Mich. Apr. 18, 2012). To do so, a plaintiff must demonstrate that "retaliation is not merely hypothetical but based in some real-world evidence." *Id.* (internal quotations omitted). A plaintiff can support this fear by demonstrating "the need for anonymity to prevent retaliation, the reasonableness of the plaintiff's fear, the severity of the threatened harm, and the plaintiff's vulnerability." *Id.* (finding that threats of physical violence against convicted sex offenders challenging legality of the offender registry was sufficient to demonstrate that they, concerned for additional retaliation, should be permitted to proceed anonymously).

In addition, Rule 26(c) specifically permits the court to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense" upon motion of a party. The granting of a protective order under Rule 26(c) requires only a showing of good cause by the movant. Once that showing is made, the Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

Here, Plaintiff's privacy interests outweigh the general presumption of open records, and he has a reasonable fear of retaliation and harassment. Although the details of the allegations against him that resulted in his termination are,

remarkably, still not specifically known, he has gleaned that he is being accused of some sort of sexual harassment or unwanted sexual contact. Sexual harassment "is clearly a matter of 'the utmost intimacy.'" *Doe 1 v. Mich. Dept. of Corrections*, No. 13-14356, 2014 WL 2207136, at *10 (E.D. Mich. May 28, 2014) (quoting *Doe. V. Blue Cross & Blue Shield United of Wis.*, 112 F. 3d 869, 872 (7th Cir. 1997)); *Doe I-VIII v. Sturdivant*, No. 06-10214, 2006 WL 8432896, at *2 (E.D. Mich. Apr. 7, 2006) ("The Court cannot ignore the stigma this society places on *alleged* and convicted sex offenders." (Emphasis added.)). At this point, the allegations against Plaintiff have not been publicly released, and he should not have to subject himself to this kind of public scrutiny simply to enforce his rights in this lawsuit.

Furthermore, Plaintiff has a reasonable fear for retaliation and harassment, particularly from individuals in his home country of Syria. If Plaintiff's identity becomes publicly known, he could very easily become a focus of media attention, both here and in Syria. There is widespread public hostility towards those accused of sexual harassment or conduct, even before the person is convicted and regardless of whether he is ultimately convicted at all. Particularly in Syria, persons publicly identified as having perpetuated sexual harassment or unwanted sexual contact are at grave risk of physical harm. (See Ex. 1, Affidavit.) Plaintiff is a married man, and allegations or insinuations of adulterous conduct likewise put individuals at risk of physical harm. (*Id.*) Thus, a protective order is necessary to safeguard Plaintiff's privacy and safety.

Finally, in considering a plaintiff's request to proceed anonymously, a court may also "consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *John Does 1-4, No. 12-11194, 2012 WL 1344412, at \*2* (quoting *Citizens for a Strong Ohio*, 123 F. App'x at 636. In *Porter*, the court approved of protective order that required disclosure of the plaintiffs' identities to the defendants but limited disclosure of the plaintiffs' personal information to the public or outside the litigation. 370 F.3d at 560-61. Similarly, Plaintiff seeks an order that would limit disclosure of personal information to the public, but that would permit the disclosure to Defendant. Defendant's ability to present a defense will not be hampered.

## CONCLUSION

For the foregoing reasons, Plaintiff asks the Court to grant his motion to proceed as Jamie Coe and to enter a protective order.

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

Dated: August 3, 2020          By: /s/ Sarah R. Howard
                                                    Sarah Riley Howard
                                                    Erin Dornbos
                                                    Business Address:
                                                    146 Monroe Center, N.W., Suite 805
                                                    Grand Rapids, MI 49503
                                                    (616) 451-8496
                                                    showard@psfklaw.com