UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE COE,

    Plaintiff,

v.

TRINITY HEALTH-MICHIGAN,

    Defendants.

_____/

CASE No. 1:20-CV-721

HON. ROBERT J. JONKER

## ORDER

Plaintiff brings claims arising out of his June 12, 2020 termination from his medical residency position at Defendant Trinity Health-Michigan. Plaintiff expects the Defendant to contend the termination was for Plaintiff's harassing and assaulting a female colleague during his May 31 to June 1st shift, an allegation Plaintiff denies. Plaintiff also says that Defendants failed to follow the grievance and termination procedures set out in his employment contract and provided shifting rationale for its decision to terminate him.

Plaintiff is a citizen of Syria. He states that his J-1 visa, which allows Plaintiff and his family to lawfully reside in the United States, is tied to his contractual employment in a medical residency program. Because of his termination, Plaintiff states that visa is now in jeopardy. He does not know when a decision regarding his visa will be made. Plaintiff has also applied for asylum. Again, Plaintiff does not know when a decision on that front will be made, though he argues that his termination and possible loss of the J-1 visa will negatively affect his chances. Plaintiff wants a TRO and preliminary injunction against the Defendant ordering reinstatement of his employment while an investigation complying with principles of due process is completed by

a special master.  Alternatively, Plaintiff asks for a TRO and preliminary injunction that orders his reinstatement during the pendency of this litigation.  (ECF No. 3).  Plaintiff states this will preserve both his lawful status in this country, and the chance to continue his medical education and career.  Separately, Plaintiff asks for permission to proceed in this matter using a pseudonym.  (ECF No. 4).

       *1. Motion to Proceed Under Pseudonym*

Taking the latter motion first, the motion to proceed under a pseudonym is denied.  Under the Federal Rules of Civil Procedure, every party must have his or her name stated in the case caption.  *See* FED. R. CIV. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  Courts begin with the presumption of open judicial proceedings.  *See Porter*, 70 F.3d at 560.  A plaintiff may proceed under a pseudonym only in exceptional circumstances.  *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).  A court may determine that "a plaintiff's privacy interests substantially outweigh the presumption" in favor of open judicial proceedings by considering factors such as: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether the prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children."  *Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

None of these exceptions persuasively applies here.  Government action is not at issue relating to the claims asserted in Plaintiff's complaint, and Plaintiff does not claim to be at risk of any criminal prosecution.  It is certainly true the case will likely involve discussion of alleged sexual contact between Plaintiff and a colleague, and plaintiff contends the subject matter might expose him to retaliation back in Syria.  The topic can be uncomfortable, but sexual contact—

consensual and non-consensual—between colleagues is the regular subject of television, movies, and all manner of public media.  Moreover, the focus of this case has less to do with alleged sexual contact itself, and more to do with how the defendant responded.

The general public interest in open proceedings requires a heavy basis to overcome, and Plaintiff has not met that burden here.  *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (observing that the 'level of public interest in access to the identities of litigants' counsels against the use of a pseudonym).  This Court routinely handles sensitive matters without pseudonyms. *See, e.g., Booth v. Coopersville Area Public Schools*, No. 1:08-cv-505 (W.D. Mich. 2009) (avoiding use of pseudonyms in case involving the alleged hazing and sexual assault of high school athlete).  The same is true of sensitive matters involving sexual abuse and harassment.  *See Johnson v. Active Machine & Tool, Inc.*, No. 1:10-cv-95 (W.D. Mich. 2010) (avoiding use of pseudonyms in case involving the alleged sexual assault and rape of an employee).

Litigation is presumptively public, and none of Plaintiff's arguments persuade the Court that privacy interests outweigh the presumption in favor of public proceedings here.  Accordingly, Plaintiff's motion to proceed under pseudonym is denied.  If Plaintiff wishes to proceed with this litigation, he shall file an Amended Complaint in his given name not later than August 19, 2020.

### 2. *Motion for Temporary Restraining Order*

Plaintiff moves under Rule 65 for a Temporary Restraining Order and Preliminary Injunction ordering the reinstatement of his employment.  Under Fed. R. Civ. P. 65(b), the Court may issue a temporary restraining order without notice only if the Court finds that "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should

not be required."   In this Court's view, the record does not support the emergent relief Plaintiff seeks before Defendant can be heard.

First, the motion does not seek to merely preserve the status quo. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996) (noting the purpose of a TRO "is to preserve the status quo so that a reasoned resolution of the dispute may be had."). The TRO that Plaintiff requests, rather, would impose an affirmative act on Defendants before they even had an opportunity to state their position.  Plaintiff's representations of the possible collateral consequences of his termination fail to meet his high burden of demonstrating he is entitled to the extraordinary relief requested.  Second, Plaintiff was on notice there was an issue regarding his employment since June 2, and certainly knew when he was informed of his termination on June 12.  That means that no less than seven weeks have passed since Plaintiff first knew about the issues in this case.  Thus, this case does not present the type of urgency that a court would normally expect before issuing a TRO. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018) ("[A] party requesting a preliminary injunction must generally show reasonable diligence.").  Third, Defendant does not contend there are any imminent removal proceedings.  To the contrary, Defendant's representations make clear that there will be a protracted process.  To be sure, Plaintiff contends he and his counsel have been seeking to avail themselves of Defendant's internal grievance procedures in the interim, only to be met with stonewalling and a lack of clarity, and that his termination will have ramifications on his status in this country.  But under these circumstances, the Court does not see any crisis that cannot await orderly discussion following an opportunity for Defendant to be heard.

The Court will separately consider whether a preliminary injunction should issue, but not before Defendant is served with the Complaint and motion papers, and has had 14 days from the date of service within which to file its response to Plaintiff's motion.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's motion to proceed under a pseudonym (ECF No. 4) is **DENIED.** If Plaintiff wishes to proceed with this litigation, he shall file an Amended Complaint in his given name not later than **August 19, 2020.**

2. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) is **DENIED** to the extent Plaintiff seeks any emergency relief. Defendant will have 14 days from the date on which it is served with the Complaint and motion papers to file a response to the motion for a preliminary injunction.

Dated:   August 4, 2020                         /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                CHIEF UNITED STATES DISTRICT JUDGE